Martin W. Aron (MA 2008)
Scott H. Casher (SC 7903)
Edwards Angell Palmer & Dodge LLP
Attorneys for Defendant
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LINDA KLEIN, | No. 07 Civ. 2815 (GBD)(HBP) |
| Plaintiff, | |
| v. | **ANSWER** |
| VERIZON SERVICES CORP. | |
| Defendant. | |

---

Defendant Verizon Services Corp. ("Verizon"), by and through its attorneys, Edwards Angell Palmer & Dodge LLP, answers the complaint on information and belief as follows:

## PRELIMINARY STATEMENT

1.    Verizon believes that paragraph 1 of the complaint does not require an answer, however, should the Court deem otherwise, Verizon denies all allegations of discrimination and retaliation set forth in paragraph 1 of the complaint and refers all questions of law to the Court.

2.    Verizon believes that paragraph 2 of the complaint does not require an answer, however, should the Court deem otherwise, Verizon denies all allegations of unlawful conduct set forth in paragraph 2 of the complaint and refers all questions of law to the Court.

## JURISDICTION AND VENUE

3. In response to paragraph 3 of the complaint, Verizon admits that jurisdiction and venue are proper in the United States District Court for the Southern District of New York, and refers all other questions of law to the Court.

## THE PARTIES

4. Verizon admits that plaintiff is employed by Verizon, but is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 4 of the complaint.

5. In response to paragraph 5 of the complaint, Verizon admits that it is a Delaware corporation, that its principal place of business is in Arlington, Virgina, that it has an office at 140 West Street, New York, New York, that it employed John Christensen, and that it is in the telecommunications business.

## STATEMENT OF FACTS

6. Verizon admits the allegations set forth in paragraph 6 of the complaint.

7. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 7 of the complaint.

8. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 8 of the complaint.

9. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 9 of the complaint.

10. In response to paragraph 10 of the complaint, Verizon admits that plaintiff's job responsibilities as a manager included overseeing functions in the general business arena, managing 30 employees at most, managing sales contracts, troubleshooting, handling billing

disputes and collections, and Verizon denies all the remaining allegations set forth in paragraph 10 of the complaint.

11. In response to paragraph 11 of the complaint, Verizon admits that plaintiff managed Gerard McCarthy for three to four years, and Verizon denies all the remaining allegations set forth in paragraph 11 of the complaint.

12. Verizon admits the allegations set forth in paragraph 12 of the complaint.

13. Verizon admits the allegations set forth in paragraph 13 of the complaint.

14. In response to paragraph 14 of the complaint, Verizon admits that between 2001 and 2005, while Christensen was a manager, the Industry Services Group underwent several reductions in force ("RIF"), and Verizon denies all the remaining allegations set forth in paragraph 14 of the complaint.

15. Verizon denies the allegations set forth in paragraph 15 of the complaint.

16. Verizon denies the allegations set forth in paragraph 16 of the complaint.

17. In response to paragraph 17 of the complaint, Verizon admits that in or about August, 2005, a telephone conference call was held in which Christensen announced that there would be a RIF, that plaintiff and McCarthy, among others, were on that telephone conference call, that Christensen advised plaintiff and McCarthy that he was combining their jobs, and that one of them would be subject to the RIF, and Verizon denies all the remaining allegations set forth in paragraph 17 of the complaint.

18. In response to paragraph 18 of the complaint, Verizon admits that Gerard McCarthy was thirty-nine years old in August 2005, but Verizon is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 18 of the complaint.

19. Verizon denies the allegations set forth in paragraph 19 of the complaint.

20. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 20 of the complaint.

21. Verizon denies the allegations set forth in paragraph 21 of the complaint.

22. In response to paragraph 22 of the complaint, Verizon admits that in or about September 2005, Pamela Matthews, a female employee in the Industry Services Group who had recently become retirement eligible, was told by Christensen that her job was being eliminated in the RIF, but Verizon denies any suggestion by plaintiff that the decision was based on gender or age and denies all the remaining allegations set forth in paragraph 22 of the complaint.

23. In response to paragraph 23 of the complaint, Verizon admits that in or about September 2005, in response to an inquiry by plaintiff to Christensen regarding the RIF, Christensen told plaintiff the terms of the severance benefits in the event that she was chosen to be involuntarily terminated, as Christensen did with any and all other employees who made such inquires, and Verizon denies all the remaining allegations set forth in paragraph 23 of the complaint.

24. Verizon admits the allegations set forth in paragraph 24 of the complaint.

25. Verizon admits the allegations set forth in paragraph 25 of the complaint.

26. In response to paragraph 26 of the complaint, Verizon admits that shortly before plaintiff was separated from the payroll pursuant to the RIF, an account manager position became available and that McCarthy managed this position, and Verizon denies all the remaining allegations set forth in paragraph 26 of the complaint.

27. In response to paragraph 27 of the complaint, Verizon admits that plaintiff chose to apply for the account manager position and was interviewed jointly by Christensen and

McCarthy, and Verizon denies all the remaining allegations set forth in paragraph 27 of the complaint.

28. In response to paragraph 28 of the complaint, Verizon admits that plaintiff was hired for the account manager position, but Verizon denies all the remaining allegations set forth in paragraph 28 of the complaint.

29. In response to paragraph 29 of the complaint, Verizon admits that Gerard McCarthy was plaintiff's manager up until April 16, 2007.

30. Verizon denies the allegations set forth in paragraph 30 of the complaint.

31. Verizon denies the allegations set forth in paragraph 31 of the complaint.

32. Verizon denies the allegations set forth in paragraph 32 of the complaint.

33. In response to paragraph 33 of the complaint, Verizon admits that plaintiff did not receive a pay raise in 2006 or thus far in 2007, but Verizon denies all the remaining allegations set forth in paragraph 33 of the complaint.

34. Verizon denies the allegations set forth in paragraph 34 of the complaint.

35. Verizon denies the allegations set forth in paragraph 35 of the complaint.

## FIRST CLAIM

36. Verizon repeats its responses to paragraphs 1 through 35 of the complaint as though fully set forth herein.

37. Verizon denies the allegations contained in paragraph 37 of the complaint.

38. Verizon denies the allegations contained in paragraph 38 of the complaint.

39. Verizon denies the allegations contained in paragraph 39 of the complaint.

## SECOND CLAIM

40. Verizon repeats its responses to paragraphs 1 through 39 of the complaint as though fully set forth herein.

41. Verizon denies the allegations contained in paragraph 41 of the complaint.

42. Verizon denies the allegations contained in paragraph 42 of the complaint.

43. Verizon denies the allegations contained in paragraph 43 of the complaint.

## THIRD CLAIM

44. Verizon repeats its responses to paragraphs 1 through 43 of the complaint as though fully set forth herein.

45. Verizon denies the allegations contained in paragraph 45 of the complaint.

46. Verizon denies the allegations contained in paragraph 46 of the complaint.

47. Verizon denies the allegations contained in paragraph 47 of the complaint.

48. Verizon denies the allegations contained in paragraph 48 of the complaint.

49. Verizon denies the allegations contained in paragraph 49 of the complaint.

## FOURTH CLAIM

50. Verizon repeats its responses to paragraphs 1 through 49 of the complaint as though fully set forth herein.

51. Verizon denies the allegations contained in paragraph 51 of the complaint.

52. Verizon denies the allegations contained in paragraph 52 of the complaint.

53. Verizon denies the allegations contained in paragraph 53 of the complaint.

54. Verizon denies the allegations contained in paragraph 54 of the complaint.

### AS AND FOR A FIRST DEFENSE

55.  Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND DEFENSE

56.  Plaintiff's complaint should be dismissed because all actions taken by Verizon with respect to plaintiff were undertaken in good faith, for legitimate business reasons, and Verizon has not violated any rights which may be secured to plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A THIRD DEFENSE

57.  No adverse employment action was been taken against plaintiff as a result of the actions alleged in the complaint.

### AS AND FOR A FOURTH DEFENSE

58.  Plaintiff's claim is barred, in whole or in part, because she has suffered no harm that was proximately caused by Verizon.

### AS AND FOR A FIFTH DEFENSE

59.  Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunity provided by Verizon or to avoid harm otherwise.

### AS AND FOR A SIXTH DEFENSE

60.  At all times material hereto, Verizon had an anti-discrimination policy in place that prohibited the conduct alleged by plaintiff. To the extent that any unlawful conduct

occurred, plaintiff failed to follow the procedures set forth therein that Verizon had established to address employees' complaints.

WHEREFORE, Verizon Services Corp. respectfully requests that this Court:

    a.    Dismiss the complaint in its entirety;

    b.    Deny each and every demand, claim and prayer for relief contained in the complaint;

    c.    Award to defendant reimbursement for its reasonable attorneys' fees and costs incurred in defending this action; and

    d.    Grant such other and further relief as the Court may deem just and proper.

Dated: May 10, 2007

                                        Martin W. Aron (MA 2008)
                                        Scott H. Casher (SC 7903)
                                        Edwards Angell Palmer & Dodge LLP
                                        Attorneys for Defendant
                                        750 Lexington Avenue
                                        New York, New York 10022
                                        (212) 308-4411

To:    Law Offices of Gail I Auster & Associates, P.C.
        Attorneys for Plaintiff
        910 West End Avenue, Suite 1A
        New York, NY 10025
        (914) 707-4000