SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

_____

| | |
|---|---|
| **LINDA KLEIN,** | **COMPLAINT and** |
| | **JURY DEMAND** |
| Plaintiff, | |
| -against- | Index No. |
| **VERIZON SERVICES CORP.,** | |
| Defendant. | |

_____

    Linda Klein, plaintiff, by her attorneys, the Law Offices of Gail I. Auster & Associates, P.C., complaining of defendant Verizon Services Corp. ("Verizon") alleges:

## PRELIMINARY STATEMENT

  1.  This action is brought to remedy discrimination and retaliation in the terms, conditions and privileges of plaintiff's employment on the basis of sex and/or age in violation of the N.Y. Exec. Law §§ 290 et seq. (the "New York Human Rights Law") and New York City Human Rights Law, §8-107 (the "New York City Human Rights Law"), as revised by the Local Civil Rights Restoration Act ("Restoration Act"), N.Y.C. Local Law No.85 of 2005.

  2.  Defendant's actions were unlawful and plaintiff brings this action for injunctive and declaratory relief, compensatory and punitive damages, and other appropriate equitable and legal relief.

## JURISDICTION AND VENUE

  3.  Venue is proper in this district because the employment practices complained of occurred in the City of New York, County of New York.

## PARTIES

  4.  Plaintiff Linda Klein ("plaintiff") is employed by defendant Verizon. Plaintiff

resides at 5709 246th Place, Douglaston, New York,

5. Defendant Verizon Services Corp. ("defendant" or "Verizon") is a Delaware corporation authorized to do business in New York with its main office at 140 West Street, New York, NY 10007, which is situated in New York County. At all times relevant to this action, defendant had employed John Christensen ("Christianson"), the Director of defendant Verizon's Industry Services Group ("Industry Services Group"). The principal business of defendant Verizon is telecommunications.

## STATEMENT OF FACTS

6. Plaintiff is a female.

7. Plaintiff was born on March 9, 1946 and is 60 year old.

8. In or about 1982, plaintiff commenced employment with defendant Verizon and its predecessors.

9. Plaintiff managed the New York office of the Industry Services Group for twelve (12) years, from 1993 to October 2005.

10. Plaintiff's job responsibilities as a manager included overseeing all functions in the general business arena, managing approximately 50 to 60 management and non-management employees, project development and management, sales contract management, troubleshooting, billing disputes and collections.

11. In this position, for approximately five (5) years plaintiff managed Jerry McCarthy ("McCarthy"), a supervisor in the Boston office.

12. In 2001, following the merger between GTE and Verizon, John Christensen became the Director of the Industry Services Group.

13. Thereafter, plaintiff reported directly to Christensen.

14. Between 2001 and 2006, under Christensen's management the Industry Services Group underwent several reductions in force ("RIF").

15. On each occasion of a RIF in the Industry Services Group, female employees in the division who were retirement eligible were targeted by Christensen for involuntary termination.

16. Conversely, upon information and belief, no male employee in the New York, Boston, Philadelphia or Bloomington, Illinois offices in this division who was eligible to retire was told to retire or be laid off, nor was any male in either of these offices laid off under Christiansen's management.

17. In about August, 2005, Christensen conducted a conference call with plaintiff in New York, McCarthy, who was in Boston, and employees in Bloomington office, to announce another RIF. Christensen advised plaintiff and McCarthy that he was combining their jobs, and that one of them would be terminated.

18. Plaintiff was 59 years old at the time of this conversation. McCarthy was in his late thirties or early forties, and as such he was much younger than plaintiff.

19. Thereafter, Christensen advised plaintiff that she should not worry, as she was eligible to retire.

20. Plaintiff was worried about being involuntarily terminated by Christensen, especially in light of the fact that her husband is ill and she is the sole support for the family.

21. In or about August or September, 2006, plaintiff confided to Christensen's supervisor, Larry Stevens, that she feared Christensen would make the decision on the basis of age or sex in light of his past actions and practices.

22. In or about September, 2005, Pamela Matthews, another female employee in the

Industry Services Group who had recently become retirement eligible, was told by Christensen that her job was being eliminated in the RIF.

23. In or about September, 2005, Christensen told plaintiff the terms of the severance benefits in the event that she was chosen to be involuntarily terminated.

24. On or about October 6, 2005, Christiansen informed plaintiff that she was the RIF candidate and that that McCarthy would be awarded the combined job of Manager IPP/Sales and Service Manager.

25. Christensen refused plaintiff's request for a written list of the criteria used to make the decision.

26. Shortly prior to the date of plaintiff's termination, a subordinate account manager position became vacant. In his new position, McCarthy was assigned to manage this account manager position.

27. Plaintiff was compelled to submit to an interview for the account manager position, which was conducted jointly by Christensen and McCarthy.

28. Plaintiff was hired for the account manager position, which she had formerly managed.

29. McCarthy is now plaintiff's manager.

30. Plaintiff has superior qualifications to McCarthy.

31. Plaintiff has been demoted and has suffered a substantial cut in pay.

32. In the lower position of account manager, plaintiff was placed in a salary band in which she is not eligible to receive wage increases.

33. In the lower position of account manager, plaintiff did not receive a pay raise in 2006 or in 2007.

34. In the lower position of account manager, plaintiff suffered a decrease in her bonus performance incentive payment for the year 2006, which was paid in 2007.

35. "But for" the layoff and subsequent demotion, plaintiff would have received wage increases in 2006 and 2007, and would have received increased bonus performance incentive payments.

## FIRST CLAIM
### (New York Human Rights Law - Discrimination)

36. Plaintiff realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

37. Defendant Verizon, through its managerial employee and agent Christensen, discriminated against plaintiff on the basis of her sex and/or age in the terms and conditions of her employment, and engaged in a pervasive and/or pattern of sex and/or age discrimination and harassment in violation of the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq. by the following acts and/or tangible employment actions:

    a. targeting plaintiff for involuntary termination;

    b. demoting plaintiff to a position subordinate to her former report, Jerry McCarthy.

    c. reducing plaintiff's salary;

    d. assigning plaintiff to a salary band in which she is not eligible for wage increases;

    e. failing to pay plaintiff a wage increase in 2006 and in 2007;

    f. reducing plaintiff's bonus; and

    g. engaging in an ongoing pattern of targeting female employees working in the Industry Services Group who are eligible for retirement for involuntary termination.

38. Defendants discriminated against plaintiff on the basis of sex and/or age, by failing to properly investigate her claims and take prompt and effective remedial action and/or by directing and authorizing the tangible employment actions of plaintiff's supervisor against plaintiff and/or by sanctioning, condoning and/or implicitly ratifying the discriminatory behavior in violation of the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq.

39. As a result of the discriminatory acts of Verizon and its agents, including but not limited to defendant Christensen, plaintiff has suffered and will continue to suffer irreparable injury, economic harm, emotional distress, and other compensable damage unless and until this Court grants relief.

## SECOND CLAIM
### (New York Human Rights Law - Retaliation)

40. Plaintiff realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

41. By such conduct, defendant Verizon, through its agents, discriminated and/or retaliated against plaintiff in the terms and conditions of her employment after she complained and/or threatened to complain of unlawful discrimination because of her sex and/or age, in violation of the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq.

42. Defendant Verizon failed to take remedial action in violation of the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq.

43. As a result of the discriminatory acts of the defendant and its agentsre5t, plaintiff has suffered and will continue to suffer irreparable injury, economic harm, emotional distress, and other compensable damage unless and until this Court grants relief.

## THIRD CLAIM
### (Administrative Code - Discrimination)

44.    Plaintiff realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

45.    By the foregoing acts and conduct, defendant Verizon by its managerial employee and agent Christensen, has discriminated against plaintiff in the terms and conditions of her employment on the basis of sex and/or age, in violation of §8-107 of the New York City Human Rights Law, as revised by the Restoration Act.

46.    Defendant Verizon further discriminated against plaintiff in the terms and condition of her employment on the basis of sex and/or age, by failing to properly investigate her claims and take prompt and effective remedial action and/or by directing and authorizing the tangible employment actions of plaintiff's supervisor against plaintiff and/or by sanctioning, condoning and/or implicitly ratifying the discriminatory behavior in violation of the of §8-107 of the New York City Human Rights Law, as revised by the Restoration Act.

47.    Defendant Verizon is vicariously liable for the acts of Christensen, its managerial employee and agent.

48.    By the foregoing acts and conduct, defendant Verizon, as plaintiff's employer, and its agents, acted intentionally and with malice and/or reckless indifference to plaintiff's protected rights.

49.    As a result of the discriminatory acts of the defendant and its agents, plaintiff has suffered and will continue to suffer irreparable injury, economic harm, emotional distress, and other compensable damage unless and until this Court grants relief.

### FOURTH CLAIM
(Administrative Code - Retaliation)

50.    Plaintiff realleges and incorporates by reference each allegation in the foregoing

paragraphs as though fully set forth herein.

51. By the foregoing acts and conduct, defendant Verizon, through its managerial employee and agent defendant Christensen, discriminated and/or retaliated against plaintiff in the terms and conditions of her employment after she complained and/or threatened to complain of unlawful discrimination because of her sex and/or age in violation of §8-107 of the New York City Human Rights Law, as revised by the Restoration Act.

51. Defendant Verizon further discriminated and/or retaliated against plaintiff in the terms and condition of her employment on the basis of sex and/or age, by failing to properly investigate her claims and take prompt and effective remedial action and/or by directing and authorizing the tangible employment actions of plaintiff's supervisor against plaintiff and/or by sanctioning, condoning and/or implicitly ratifying the discriminatory behavior in violation of the of §8-107 of the New York City Human Rights Law, as revised by the Restoration Act.

52. Defendant Verizon is vicariously liable for the acts of Christensen, its managerial employee and agent.

53. By the foregoing acts and conduct, defendant Verizon, as plaintiff's employer, and its agents, acted intentionally and with malice and/or reckless indifference to plaintiff's protected rights.

54. As a result of the discriminatory acts of the defendant and its agents, plaintiff has suffered and will continue to suffer irreparable injury, economic harm, emotional distress, and other compensable damage unless and until this Court grants relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment against defendants, jointly and severally, as follows:

On all claims:

    (a)    an order declaring that the acts and practices complained of herein are in violation of the New York Human Rights Law and/or New York City Human Rights Law;

    (b)    enjoining and permanently restraining these violations of the New York Human Rights Law and/or New York City Human Rights Law;

    (c)    granting such other further relief as this Court deems just and proper and, in addition;

On the First and Second Claims:

    (a)    an award of promotion to the position Manager IPP/Sales and Service Manager;

    (b)    an award of reinstatement to her former salary band and performance incentive payments eligibility;

    (c)    an award of back pay in the amount of lost salary and performance incentive payments; and

    (d)    an award of compensatory damages in an amount to be determined but not less than One Million and Seven Hundred Fifty Thousand Dollars ($1,750,000).

On the Third and Fourth Claims:

    (a)    an award of promotion to the position Manager IPP/Sales and Service Manager;

    (b)    an award of reinstatement to her former salary band and performance incentive payments eligibility;

    (c))    an award of back pay in the amount of lost salary and performance incentive payments;

  (d) an award of compensatory damages in an amount to be determined but not less than One Million and Seven Hundred Fifty Thousand Dollars ($1,750,000);

  (e) an award of punitive damages in an amount to be determined as result of defendant's reckless disregard of the risk that its conduct would harm plaintiff's civil rights; and

  (f) an award of reasonable attorney's fees.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action.

Dated: March 1, 2007
    New York, New York

            THE LAW OFFICES OF
            GAIL I. AUSTER & ASSOCIATES


            By:_____
            Gail I. Auster
            Attorneys for Plaintiff
            910 West End Avenue, Suite 1A
            New York, New York 10025
            (914) 707-4000