**The Law Offices of Gail I. Auster & Associates, P.C.**
**Attorneys for Plaintiff**
**910 West End Avenue, Suite 1A**
**New York, New York 10025**
**(914) 707-4000**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **LINDA KLEIN,** | **AMENDED COMPLAINT and** |
| | **JURY DEMAND**_____ |
| **Plaintiff,** | |
| -against- | Index No. 07 Civ 2815 (GBD)(HBP) |
| **VERIZON SERVICES CORP.,** | |
| **Defendant.** | |

_____

Linda Klein, plaintiff, by her attorneys, the Law Offices of Gail I. Auster & Associates, P.C., complaining of defendant Verizon Services Corp. ("Verizon") alleges:

**PRELIMINARY STATEMENT**

1. This action is brought to remedy discrimination and retaliation in the terms, conditions and privileges of plaintiff's employment on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and on the basis of age in violation of The Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").

2. This action is also brought to remedy discrimination and retaliation in the terms, conditions and privileges of plaintiff's employment on the basis of gender and/or age in violation of the N.Y. Exec. Law §§ 290 et seq. (the "New York Human Rights Law") and New York City Human Rights Law, §8-107 (the "New York City Human Rights Law"), as revised by the Local

–2–

Civil Rights Restoration Act ("Restoration Act"), N.Y.C. Local Law No.85 of 2005.

3. Defendant's actions were unlawful and plaintiff brings this action for injunctive and declaratory relief, compensatory and punitive damages, liquated damages and other appropriate equitable and legal relief.

## JURISDICTION AND VENUE

4. Venue is proper in this district because the employment practices complained of occurred in the City of New York, County of New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the first and second claims pursuant to 42 U.S.C. § 2000e-5, 28 U.S.C. §§ 1331 and 1343(a) (3). This Court has subject matter jurisdiction over the third and fourth claims pursuant to §7 of the ADEA, 29 U.S.C. § 621 and pursuant to 28 U.S.C. 1331. This Court has pendant jurisdiction over plaintiff's Human Rights Law claims and her Administrative Code claims pursuant to 28 U.S.C. §1331, because they have a common nucleus of operative facts with the federal claims.

6. The Equal Employment Opportunity Commission ("EEOC") issued notice to plaintiff informing her of her right to sue the defendant in federal court by notice dated February 6, 2008. This action has been commenced within 90 days of receipt of that notice.

7. Plaintiff has served a copy of this Amended Complaint on the Corporation Counsel's office. Plaintiff has complied fully with all prerequisites to the filing of her Title VII and Administrative Code claims.

8. Venue is proper in this district because the employment practices complained

of occurred in the Southern District of New York.

## PARTIES

9. Plaintiff Linda Klein ("plaintiff") is employed by defendant Verizon. Plaintiff resides at 5709 246th Place, Douglaston, New York,

10. Defendant Verizon Services Corp. ("defendant" or "Verizon") is a Delaware corporation authorized to do business in New York with its main office at 140 West Street, New York, NY 10007, which is situated in New York County. At all times relevant to this action, defendant had employed John Christensen ("Christiansen"), the Director of defendant Verizon's Industry Services Group ("Industry Services Group"). The principal business of defendant Verizon is telecommunications.

## STATEMENT OF FACTS

11. Plaintiff is a female.

12. Plaintiff was born on March 9, 1946 and is almost 61 years old.

13. In or about 1982, plaintiff commenced employment with defendant Verizon and its predecessors.

14. Plaintiff managed the New York office of the Industry Services Group for twelve (12) years, from 1993 to October 2005.

15. ` During this period, plaintiff consistently had favorable job performance evaluations.

16. Plaintiff's job responsibilities as a manager included overseeing all functions in the general business arena, managing approximately 50 to 60 management and non-management

employees, project development and management, sales contract management, troubleshooting, billing disputes and collections.

17. In this position, for approximately five (5) years plaintiff managed Gerold McCarthy ("McCarthy"), a supervisor in the Boston office.

18. In 2001, following the merger between GTE and Verizon, John Christensen became the Director of the Industry Services Group.

19. Thereafter, plaintiff reported directly to Christensen.

20. Between 2001 and 2006, under Christensen's management the Industry Services Group underwent several reductions in force ("RIF").

21. On each occasion of a RIF in the Industry Services Group, female employees in the division who were retirement eligible were targeted by Christensen for involuntary termination.

22. Conversely, upon information and belief, no male employee in the New York, Boston, Philadelphia or Bloomington, Illinois offices in this division who was eligible to retire was told to retire or be laid off, nor was any male in either of these offices laid off under Christiansen's management.

23. In about August, 2005, Christensen conducted a conference call with plaintiff in New York, McCarthy, who was in Boston, and employees in Bloomington office, to announce another RIF. Christensen advised plaintiff and McCarthy that he was combining their jobs, and that one of them would be terminated.

24. Plaintiff was 59 years old at the time of this conversation. McCarthy was in his late thirties or early forties, and as such he was much younger than plaintiff.

25. Thereafter, Christensen advised plaintiff that she should not worry, as she was

eligible to retire.

26. Plaintiff was worried about being involuntarily terminated by Christensen, especially in light of the fact that her husband is ill and she is the sole support for the family.

27. In or about August or September, 2006, plaintiff confided to Christensen's supervisor, Larry Stevens, that she feared Christensen would make the decision on the basis of age or sex in light of his past actions and practices.

28. In or about September, 2005, Pamela Matthews, another female employee in the Industry Services Group who had recently become retirement eligible, was told by Christensen that her job was being eliminated in the RIF.

29. In or about September, 2005, Christensen told plaintiff the terms of the severance benefits in the event that she was chosen to be involuntarily terminated.

30. On or about October 6, 2005, Christiansen informed plaintiff that she was the RIF candidate and that that McCarthy would be awarded the combined job of Manager IPP/Sales and Service Manager.

31. Christensen refused plaintiff's request for a written list of the criteria used to make the decision.

32. Shortly prior to the date of plaintiff's termination, a subordinate account manager position became vacant. In his new position, McCarthy was assigned to manage this account manager position.

33. Plaintiff was compelled to submit to an interview for the account manager position, which was conducted jointly by Christensen and McCarthy.

34. Plaintiff was hired for the account manager position, which she had formerly managed.

–5–

35. McCarthy became plaintiff's manager.

36. Plaintiff had superior qualifications to McCarthy.

37. McCarthy was situated in Boston, while plaintiff continued to work in defendant's New York office and continued to perform some of her former responsibilities as a second level manager.

38. Plaintiff has been demoted and has suffered a substantial cut in pay.

39. In the lower position of account manager, plaintiff was placed in a salary band in which she is not eligible to receive wage increases.

40. In the lower position of account manager, plaintiff did not receive a pay raise in 2006 or in 2007.

41. In the lower position of account manager, plaintiff suffered a decrease in her bonus performance incentive payment for the year 2006, which was paid in 2007.

42. "But for" the layoff and subsequent demotion, plaintiff would have received wage increases in 2006 and 2007, and would have received increased bonus performance incentive payments.

43. In or about October, 2005, plaintiff complained of such discriminatory acts to Larry Stevens, who did not remedy the discrimination or help her find another position in Verizon.

44. In or about June, 2006, plaintiff complained of such discriminatory acts to Kitty Linder, the President of the Division, who did not remedy the discrimination.

45. In or about August and September, 2006, plaintiff further complained of such discriminatory acts to defendant's Ethics Office, which functions as Verizon's EEO office, to no avail.

46. Moreover, during the period that McCarthy was plaintiff's supervisor, he repeatedly stated to plaintiff that she should retire.

47. On or about March 1, 2007, plaintiff filed a complaint in New York Supreme Court, on the basis of age discrimination and sex discrimination in employment, and retaliation. The case was removed to U.S. District Court, Southern District.

48. Thereafter, in or about March, 2007, McCarthy left his position of Manager IPP/Sales and Service in the Industry Services Group, and moved to another Verizon division.

49. Although the position of Manager IPP/Sales and Service Manager was essentially plaintiff's job, after plaintiff filed the instant lawsuit she was not promoted to replace McCarthy as a 2nd level manager nor was she promoted to resume her former responsibilities as a 2nd level manager.

50. Instead, in or about April, 2007, Joseph Romanoski ("Romanoski"), a younger male was given the job responsibilities that had formerly been plaintiff's responsibilities. However, Romanoski was situated in Maryland, and once again plaintiff continued to work in defendant's New York office and continued to perform some of her former responsibilities.

51. In or about November, 2007, Romanoski transferred out of the ISG, and was replaced by a woman who formerly did not supervise other employees and had been plaintiff's peer until plaintiff was terminated from her 2nd level manager position and demoted.

52. Plaintiff still continues work in defendant's New York office and continues to perform some of her former responsibilities that she performed as a second level manager.

53. As result of the foregoing actions by defendant, plaintiff currently remains in the position of account manager and continues to be deprived of the wage increases and increased bonus performance incentive payments that she would have received if she was a 2nd level

manager.

## FIRST CLAIM
### (Title VII –Discrimination)

54.     Plaintiff realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

55.     By the foregoing actions, Defendant Verizon discriminated against plaintiff on the basis of her gender in the terms and conditions of her employment, and engaged in a pervasive and/or pattern of sex discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

56.     Moreover, Defendant Verizon discriminated against plaintiff on the basis of sex, by failing to properly investigate her claims and take prompt and effective remedial action and/or by directing and authorizing the tangible employment actions of plaintiff's managers and/or by creating a hostile work environment and/or by sanctioning, condoning and/or implicitly ratifying the discriminatory behavior of plaintiff's managers in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

57.     Defendant Verizon, as plaintiff's employer, acted intentionally and with malice and/or reckless indifference to plaintiff's federally protected rights.

58.     As a result of the discriminatory acts of the defendant and its agents, plaintiff is now suffering irreparable injury, including monetary damages and damages from physical injury, mental anguish and humiliation and will continue to do so as a result of defendants' unlawful practices unless and until this Court grants relief.

## SECOND CLAIM
### (Title VII - Retaliation)

59.     Plaintiff realleges and incorporates by reference each allegation in the foregoing

paragraphs as though fully set forth herein.

60. By the foregoing actions, Defendant Verizon as plaintiff's employer retaliated against plaintiff on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. by discriminating, harassing and/or retaliating against plaintiff in the terms and conditions of her employment, because of her sex, and/or because she opposed defendant's unlawful discriminatory practices.

61. Moreover, Defendant Verizon retaliated against plaintiff on the basis of sex by failing to properly investigate her claims and take prompt and effective remedial action, by failing to restore plaintiff to her previous responsibilities and compensation; by creating pretexual reasons for its adverse employment actions taken against plaintiff; by creating a hostile work environment; by directing and authorizing the tangible employment actions taken by defendant Verizon against plaintiff after she complained of discriminatory acts by her managers and/or by sanctioning, condoning and/or implicitly ratifying the retaliatory behavior of plaintiff's managers and other employees and/or agents in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

62. Defendant Verizon as plaintiff's employer, acted intentionally and with malice and/or reckless indifference to plaintiff's federally protected rights.

63. As a result of the discriminatory and/or retaliatory acts of the defendant and its agents, plaintiff is now suffering irreparable injury including monetary damages and damages for physical injury, mental anguish and humiliation and will continue to do so as a result of defendants' unlawful practices unless and until this Court grants relief.

### THIRD CLAIM
### (ADEA –Discrimination)

64. Plaintiff realleges and incorporates by reference each allegation in the foregoing

paragraphs as though fully set forth herein.

65. By the foregoing actions, Defendant Verizon discriminated against plaintiff on the basis of her age in the terms and conditions of her employment, and engaged in a pervasive and/or pattern of age discrimination and harassment in violation of the ADEA, 29 U.S.C. § 621 et seq.

66. Moreover, Defendant Verizon discriminated against plaintiff on the basis of age, by failing to properly investigate her claims and take prompt and effective remedial action and/or by directing and authorizing the tangible employment actions of plaintiff's managers and/or by creating a hostile work environment and/or by sanctioning, condoning and/or implicitly ratifying the discriminatory behavior of plaintiff's managers in violation of the ADEA, 29 U.S.C. § 621 et seq.

67. Defendant Verizon, as plaintiff's employer, acted intentionally and with malice and/or reckless indifference to plaintiff's federally protected rights.

68. As a result of the discriminatory acts of the defendant and its agents, plaintiff is now suffering irreparable injury including monetary damages and damages for physical injury, mental anguish and humiliation and will continue to do so as a result of defendants' unlawful practices unless and until this Court grants relief.

## FOURTH CLAIM
### (ADEA - Retaliation)

69. Plaintiff realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

70. By the foregoing actions, defendant Verizon as plaintiff's employer retaliated against plaintiff on the basis of age, in violation of the ADEA, 29 U.S.C. § 621 et seq. by discriminating, harassing and/or retaliating against plaintiff in the terms and conditions of her employment, because of her age, and/or because she opposed defendant's unlawful discriminatory practices.

71. Moreover, defendant Verizon retaliated against plaintiff on the basis of age by failing to

properly investigate her claims and take prompt and effective remedial action, by failing to restore plaintiff to her previous responsibilities and compensation; by creating pretexual reasons for its adverse employment actions taken against plaintiff; by creating a hostile work environment; by directing and authorizing the tangible employment actions taken by defendant Verizon against plaintiff after she complained of discriminatory acts by her managers and/or by sanctioning, condoning and/or implicitly ratifying the retaliatory behavior of plaintiff's managers and other employees and/or agents in violation of the ADEA, 29 U.S.C. § 621 et seq.

72. Defendant Verizon as plaintiff's employer, acted intentionally and with malice and/or reckless indifference to plaintiff's federally protected rights.

73. As a result of the discriminatory and/or retaliatory acts of the defendant and its agents, plaintiff is now suffering irreparable injury including monetary damages and damages for physical injury, mental anguish and humiliation and will continue to do so as a result of defendants' unlawful practices unless and until this Court grants relief.

### FIFTH CLAIM
### (New York Human Rights Law - Discrimination)

74. Plaintiff realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

75. Defendant Verizon, through its managerial employee and agent Christensen and/or other managerial employees and agents, discriminated against plaintiff on the basis of her sex and/or age in the terms and conditions of her employment, and engaged in a pervasive and/or pattern of sex and/or age discrimination and harassment in violation of the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq. by acts and/or tangible employment actions, including but not limited to:

    a. targeting plaintiff for involuntary termination;

    b. demoting plaintiff to a position subordinate to her former report, Gerold

McCarthy.

      c.    reducing plaintiff's salary;

      d.    assigning plaintiff to a salary band in which, given her reduced salary, she was and is, not eligible for wage increases;

      e.    failing to pay plaintiff a wage increase in 2006 and in 2007;

      f.    reducing plaintiff's bonus;

      g.    engaging in an ongoing pattern of targeting female employees working in the Industry Services Group who are eligible for retirement for involuntary termination; and

      h.    advising plaintiff repeatedly that she should retire.

76.    Defendant Verizon failed to take remedial action in violation of the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq.

77.    Defendant Verizon, as plaintiff's employer, acted intentionally and with malice and/or reckless indifference to plaintiff's rights protected under state law.

78.    As a result of the discriminatory acts of the defendant and its agents, plaintiff is now suffering irreparable injury including monetary damages and damages for physical injury, mental anguish and humiliation and will continue to do so as a result of defendants' unlawful practices unless and until this Court grants relief.

### SIXTH CLAIM
### (New York Human Rights Law - Retaliation)

79.    Plaintiff realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

80.    By such conduct, defendant Verizon, through its agents, discriminated and/or retaliated against plaintiff in the terms and conditions of her employment after she complained and/or threatened to complain of unlawful discrimination because of her sex and/or age, in violation

of the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq.

81. Defendant Verizon failed to take remedial action in violation of the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq.

82. Defendant Verizon, as plaintiff's employer, acted intentionally and with malice and/or reckless indifference to plaintiff's rights protected under state law.

83. As a result of the discriminatory and/or retaliatory acts of the defendant and its agents, plaintiff is now suffering irreparable injury, including monetary damages and damages from physical injury, mental anguish and humiliation and will continue to do so as a result of defendants' unlawful practices unless and until this Court grants relief.

## **SEVENTH CLAIM**
**(Administrative Code - Discrimination)**

84. Plaintiff realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

85. By the foregoing acts and tangible employment actions, defendant Verizon through its managerial employees and/or agents, discriminated against plaintiff on the basis of her sex and/or her age in the terms and conditions of her employment, and engaged in a pervasive and/or pattern of sex and/or age discrimination and harassment in violation of §8-107 of the New York City Human Rights Law, as revised by the Restoration Act.

86. Defendant Verizon failed to take remedial action in violation of §8-107 of the New York City Human Rights Law, as revised by the Restoration Act.

87. Defendant Verizon, as plaintiff's employer, acted intentionally and with malice and/or reckless indifference to plaintiff's rights protected under the laws of New York City.

88. As a result of the discriminatory and/or retaliatory acts of the defendant and its agents, plaintiff is now suffering irreparable injury, including monetary damages and damages from

physical injury, mental anguish and humiliation and will continue to do so as a result of defendants' unlawful practices unless and until this Court grants relief pursuant to §8-107 of the New York City Human Rights Law, as revised by the Restoration Act.

### EIGHTH CLAIM
**(Administrative Code - Retaliation)**

89. Plaintiff realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

90. By such conduct, defendant Verizon, through its agents, discriminated and/or retaliated against plaintiff in the terms and conditions of her employment after she complained and/or threatened to complain of unlawful discrimination because of her sex and/or age, in violation of §8-107 of the New York City Human Rights Law, as revised by the Restoration Act.

91. Defendant Verizon failed to take remedial action in violation of §8-107 of the New York City Human Rights Law, as revised by the Restoration Act.

92. Defendant Verizon, as plaintiff's employer, acted intentionally and with malice and/or reckless indifference to plaintiff's rights protected under the laws of New York City.

93. As a result of the discriminatory and/or retaliatory acts of the defendant and its agents, plaintiff has suffered and will continue to suffer irreparable injury, economic harm, physical injury, emotional distress, and other compensable damage unless and until this Court grants relief pursuant to §8-107 of the New York City Human Rights Law, as revised by the Restoration Act.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment against defendants, jointly and severally, as follows:

On all claims:

    (a)    an order declaring that the acts and practices complained of herein are in violation of Title VII, the ADEA, the New York Human Rights Law and/or New York City Human Rights Law;

    (b)    enjoining and permanently restraining these violations of Title VII, the ADEA, the New York Human Rights Law and/or New York City Human Rights Law;

    (c)    granting such other further relief as this Court deems just and proper and, in addition;

On the First and Second Claims:

    (a)    an award of promotion to the position Manager IPP/Sales and Service Manager and/or an equivalent position ;

    (b)    an award of reinstatement to her former salary band with salary increases and performance incentive payments eligibility;

    (c)    an award of back pay in the amount of lost salary, including salary increases, and performance incentive payments; and

    (d)    an award of compensatory and/or punitive damages pursuant to Title VII of the Civil Rights Act of 1964 in an amount not to exceed Five Hundred Thousand Dollars ($500,000) against defendants; and

    (f)    an award of reasonable attorney's fees.

On the Third and Fourth Claims:

    (a)    an award of promotion to the position Manager IPP/Sales and Service Manager and/or an equivalent position ;

(b) an award of reinstatement to her former salary band with salary increases and performance incentive payments eligibility;

(c) an award of back pay in the amount of lost salary, including salary increases, and performance incentive payments; and

(d) an award of compensatory damages in an amount to be determined;

(e) an award of liquidated damages; and

(f) an award of reasonable attorney's fees.

On the Fifth and Sixth Claims:

(a) an award of promotion to the position Manager IPP/Sales and Service Manager and/or an equivalent position;

(b) an award of reinstatement to her former salary band with salary increases and performance incentive payments eligibility;

(c) an award of back pay in the amount of lost salary, including salary increases, and performance incentive payments; and

(d) an award of compensatory damages in an amount to be determined but not less than One Million and Seven Hundred Fifty Thousand Dollars ($1,750,000).

On the Seventh and Eighth Claims:

(a) an award of promotion to the position Manager IPP/Sales and Service Manager and/or an equivalent position;

(b) an award of reinstatement to her former salary band, salary increases, and performance incentive payments eligibility;

(c)) an award of back pay in the amount of lost salary and performance incentive payments;

–16–

  (d) an award of compensatory damages in an amount to be determined but not less than One Million and Seven Hundred Fifty Thousand Dollars ($1,750,000);

  (e) an award of punitive damages in an amount to be determined as result of defendant's reckless disregard of the risk that its conduct would harm plaintiff's civil rights; and

  (f) an award of reasonable attorney's fees.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action.

Dated: February 27, 2008
    New York, New York

            THE LAW OFFICES OF
            GAIL I. AUSTER & ASSOCIATES


            By:_____
            Gail I. Auster
            Attorneys for Plaintiff
            910 West End Avenue, Suite 1A
            New York, New York 10025
            (914) 707-4000