UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

LINDA KLEIN,                          :

                    Plaintiff,       :
                                              07 Civ. 2815 (GBD)(HBP)
        -against-                    :
                                              ORDER
VERIZON SERVICES CORP.,              :

                    Defendant.       :

----------------------------------X


            PITMAN, United States Magistrate Judge:


            By letter dated April 14, 2010, plaintiff sought to

compel defendant to respond to document requests served in March

and April 2010.  On June 11, 2010, I granted plaintiff's applica-

tion to the extent the requests sought certain e-mails and other

electronic documents identified in depositions (Docket Item 31).

By letter dated July 1, 2010, counsel for plaintiff represented

that Verizon had failed to produce the documents that were the

subject of my Order.

            On July 23, 2010, I held a conference at which defen-

dant's counsel represented that all existing documents that were

responsive to plaintiff's document requests had been produced.

Despite this representation, plaintiff's counsel reiterated her

belief that defendant's production was incomplete.  Confronted

with these contradictory representations,  I directed plaintiff's

counsel to submit the deposition testimony or other evidence that
she believed demonstrated the existence of the purportedly
missing documents.  Counsel for plaintiff was also directed to
submit a statement that she had diligently reviewed defendant's
document production and that the documents she claimed were
missing had not, in fact, been produced.

Plaintiff made her submission on July 28, 2010.
Defendant submitted a response dated August 18, 2010, reiterating
that it had "produced all e-mails and other electronic communica-
tions responsive to plaintiff's discovery requests"[1] and claiming
that plaintiff had "mischaracterized" the nature of the deposi-
tion testimony that plaintiff claimed established the existence
of the missing documents.  Plaintiff submitted a reply on August
24, 2010.

Based on the parties' submissions and as explained in
more detail below, I conclude with respect to the majority of the
e-mails in issue, plaintiff has not established that the "miss-
ing" e-mails actually exist.[2]

---

[1]Defendant does not argue that the documents plaintiff
identifies in her July 28, 2010 submission are outside the scope
of the document requests she served in March and April of 2010
and so I presume them to be responsive.

[2]In her reply letter, plaintiff suggests that she is not
required to prove the existence of the documents she is seeking.
This argument overlooks the specific background of this dispute.
(continued...)

1.   Documents Not
     <u>Proven to Exist</u>

a.   <u>Instant message from John Christiansen to plaintiff</u>

<u>stating that plaintiff "had enough points to retire."</u>

Although Larry Stevens testified that plaintiff told

him that she had received this instant message (Deposi-

tion of Larry Stevens ("Stevens Dep."), at 144-45), he

did not testify that he saw the e-mail and could not

definitively recall that plaintiff told him about the

instant message; Stevens testified that he thought

plaintiff had received the message (Stevens Dep. at

144).  In addition, Christiansen testified that he did

-----

[2](...continued)
Defendant has produced a number of documents in this case.
Nevertheless, plaintiff claims that a relatively small handful of
documents are missing from defendant's production.  In response
to plaintiff's contention, defendant has already double-checked
and stated on the record that all existing, responsive documents
have been produced.  Given the adverse consequences that
defendant and its counsel would suffer if this representation
were untrue, I do not assume that defendant and its counsel are
being dishonest.  Given the parties' conflicting representations
concerning the existence of the documents discussed in the text,
I could either direct plaintiff to offer evidence suggesting the
existence of the documents she claims are missing or compel
defendant to prove that the documents do not exist.  Given the
inherent difficulty of proving a negative proposition, I conclude
that it is more appropriate to require plaintiff to explain her
belief that the documents exist and have not been produced.

not recall sending such an instant message (Deposition
of John Christiansen ("Christiansen Dep."), at 152).

b.   <u>E-mail between Christiansen and Stevens regarding the
consolidation of plaintiff's job</u>.  Christiansen testi-
fied that he communicated with Stevens about job con-
solidation at Verizon, but that he did not recall if
these communications were in writing (Christiansen Dep.
at 129-30).  Plaintiff argues that Christiansen must
have e-mailed Stevens about the job consolidation
because he testified to sending Stevens e-mails about
events in his group (Christiansen Dep. at 104), and the
consolidation occurred within the group.  However, in
light of Christiansen's specific testimony that he did
not recall whether the communication with Stevens was
in written or oral form, plaintiff's argument is not
persuasive.

c.   <u>E-mail between Stevens and Christiansen after
Christiansen left Verizon</u>.  Stevens testified that he
thinks he may have sent one e-mail to Christiansen
after he left Verizon (Stevens Dep. at 46).  This
testimony is too tentative to establish the existence
of the document and to rebut defense counsel's repre-

4

sentation that Verizon's search for responsive documents did not disclose this document.

d.  <u>E-mail from Joseph Romanoski to Human Resources proposing two management levels</u>.  Romanoski testified, "I am leaning towards yes, I believe I did, [] send it to HR to propose two similar management levels . . . I believe I did put [] an e-mail together of that" (Deposition of Joseph Romanoski ("Romanoski Dep."), at 172). Unfortunately, plaintiff's counsel has not included the page of Romanoski's deposition containing the question to which the foregoing testimony responded.  In any event, the testimony is, again, far too tentative ("I am leaning towards . . .") to rebut defense counsel's representation that Verizon's search for responsive documents did not disclose this document.

e.  <u>E-mail between Vicki Leonard and Romanoski transmitting an unidentified recommendation</u>.  Romanoski testified that he did not remember if the recommendation was in writing, adding only that if the recommendation was in writing it would "[m]aybe [be in] a string of e-mails, most likely" (Romanoski Dep. at 107).  Again, the testimony is far too tentative to rebut defense coun-

sel's representation that Verizon's search for respon-
sive documents did not disclose this document.

f.   <u>Romanoski's evaluation of plaintiff</u>.   Romanoski testi-
fied that his employee evaluations would be either e-
mailed or faxed to the employee who was the subject of
the evaluation (Romanoski Dep. at 129-30).  This testi-
mony is too tentative to establish that an e-mail
transmitting the recommendation exists.

g.   <u>E-mail from Christiansen to Susan Williams-Sias con-
taining selection criteria</u>.   Although Williams-Sias
initially states that Christiansen e-mailed selection
criteria to her, she later stated that she didn't know
if the reduction-in-force documents (which presumably
included the selection criteria documents) were e-
mailed to her (Deposition of Susan Williams-Sias
("Williams-Sias Dep."), at 128).  Again, the testimony
is too tentative to rebut defense counsel's representa-
tion that Verizon's search for responsive documents did
not disclose this document.

h.   <u>E-mails relating to a mentoring program at Verizon</u>.
Williams-Sias testified that she thought communications
concerning the mentoring program were sent by e-mail
and that "there were probably e-mail communications

6

announcing the program," but that she "wasn't involved in the facilitation of the program" (Williams-Sias Dep. at 225-26).  She also testified that information about the mentoring program may have been provided by a link to a web site (Williams-Sias Dep. at 226).  This testimony is too tentative to rebut defense counsel's representation that Verizon's search for responsive documents did not disclose this document.

i.  <u>E-mail from Linda Klein to Stevens about "red-lining."</u> Plaintiff apparently has her own copy of this document. It was marked at Stevens' deposition, and Stevens testified that he saw the document before and that he responded to it (Stevens Dep. at 206-07).  In his August 18, 2010 response to plaintiff's application, Verizon's counsel states that Verizon searched Stevens' e-mail account and that all responsive documents have been produced.  Although this document does exist, in view of the facts that plaintiff already has a copy of the e-mail, Verizon's witnesses do not contest the copy's authenticity and Verizon has already searched for the document, no purpose would be served by directing a further search by Verizon.  Plaintiff is free to

make whatever arguments she deems appropriate as a result of Verizon's failure to produce this document.

j.  <u>E-mail sent by Kitty Linder on behalf of Gerard McCarthy</u>.  McCarthy's testimony was equivocal about the existence of this e-mail.  Although he confirmed that Linder communicated with Diane Collins on his behalf, he did not know whether the communication took the form of a telephone call or an e-mail (Deposition of Gerry McCarthy at 253, 258).  This testimony is too tentative to rebut defense counsel's representation that Verizon's search for responsive documents did not disclose this document.

k.  <u>E-mails between Stevens and Christiansen about plaintiff</u>.  Stevens testified that he and Christiansen e-mailed each other about employees in their division (Stevens Dep. at 30-31).  Plaintiff does not cite any testimony from Stevens identifying specific e-mails to Christiansen about plaintiff that were not produced.  This testimony is far too tentative to rebut defense counsel's representation that Verizon's search for responsive documents did not disclose this document.

l.  <u>Bi-weekly e-mail updates from Christiansen to Stevens</u>.  Christiansen testified that he e-mailed Stevens every

other Friday regarding events in his group
(Christiansen Dep. at 104).  However, to the extent the
weekly communications related to the issues relevant to
plaintiff's claims, Christiansen was not sure whether
the communications took the form of e-mails or tele-
phone calls (Christiansen Dep. at 129-30).  This testi-
mony is too tentative to rebut defense counsel's repre-
sentation that Verizon's search for responsive docu-
ments did not disclose this document.

m.   <u>E-mails from Romanoski or Christiansen to Williams-Sias
containing "RIF case documents."</u>  Williams-Sias was
uncertain about whether Christiansen had e-mailed these
documents to her and she did not definitively state
that Romanoski e-mailed these documents to her.
Rather, all that she stated was that "Joe would have
sent me an e-mail just saying, [h]ere are the docu-
ments" (Williams-Sias Dep. at 127).  This testimony is
far too tentative to rebut defense counsel's represen-
tation that Verizon's search for responsive documents
did not disclose this document.

    2.  E-mails Produced
       <u>by Plaintiff</u>

      Plaintiff also submits copies of five e-mails between herself and others at Verizon that were not produced by defendant.  To the extent she is seeking to compel production of these documents, the application is conditionally granted; within twenty (20) days of the date of this Order defendant is directed to produce its copies of these documents or to explain why it has not been able to locate and produce them.  Plaintiff's counsel marked all of these documents at depositions and, although the witnesses did not recognize three of these documents and plaintiff does not submit the testimony discussing one of the documents, defendants do not dispute that these documents were internal Verizon e-mails or that they were responsive to plaintiff's document requests.  Therefore, I find them to be within the scope of my June 11, 2010 Order directing defendants to

produce e-mails and other electronic documents identified in
depositions.[3]

        Dated:   New York, New York
                 June 6, 2011

                                SO ORDERED

                                _____
                                HENRY PITMAN
                                United States Magistrate Judge

Copies transmitted to:

Gail I. Auster, Esq.
Law Offices of Gail I.
    Auster & Associates, PC
Suite 711
17 Battery Place
New York, New York  10004

Scott H. Casher, Esq.
White & Williams, LLP
Suite 250
427 Bedford Road
Pleasantville, New York 10570

_____

        [3]Plaintiff states that she produced nine e-mails to Verizon
at Christiansen's deposition that were sent via Verizon's
internal e-mail system and that these e-mails should have been
produced to her by Verizon.  Only two of these e-mails are
attached to plaintiff's submission, however, and the cited
deposition testimony does not provide any information about the
remaining seven e-mails.  Therefore, to the extent plaintiff is
seeking to compel the production of the remaining seven e-mails
and to the extent these e-mails are not included within the
documents discussed above, the application is denied because I
cannot determine whether these e-mails are within the scope of my
June 11, 2010 Order.