UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LINDA KLEIN,                                            07 CV 2815 (GBD)(HBP)

                Plaintiff,
                                                 **PLAINTIFF'S SECOND
                                                 MOTION IN LIMINE**
       -against-

VERIZON SERVICES CORP.,
                Defendant.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE POST TERMINATION EVIDENCE

### PRELIMINARY STATEMENT

Plaintiff submits this memorandum of law in support of her motion *in limine* to preclude defendant from introducing any evidence, including testimony, statistics, documents or information related to Verizon Public Communication ("VPC") downsizing, Reductions In Force ("RIFs") or job consolidations after November 2008, when Linda Klein was RIF'd and terminated. This post-termination evidence is irrelevant to the issues of this case and any probative value it may have is outweighed by a risk of unfair prejudice and likelihood of misleading the jury. Thus, all post termination evidence is inadmissible at trial.

### BACKGROUND

Linda Klein ("Plaintiff" or "Klein") was age 59 and a 25 year veteran of Verizon, as well as the Manager of the NY Business Office when she was informed by her manager, John Christensen ("Christensen") in late July, 2005, that as result of a "job consolidation" in a corporate reorganization, that either she or a younger male, Gerard McCarthy ("McCarthy"), would lose their job in a Reduction in Force ("Reduction in Force", or "RIF") later that year. On

October 6, 2005, Christensen met with Plaintiff and informed her that the consolidated job, called the IPP Sales and Service Manager ("IPP Manager"), was given to McCarthy, the younger male. At the end of October 2005, shortly before her termination was to become effective Klein interviewed for and was offered a job as a subordinate account management position, which was a demotion. Despite the fact that she was a second level manager, and the position was a first level manager position, with a significant loss of material job responsibilities and a reduction in salary and other compensation, she had no choice but to take the position as her husband was sick and she was the sole breadwinner in the family. Klein made multiple complaints of discrimination to her Executive Director, Larry Stevens and also complained to his manager, Kitty Linder.

Shortly after Klein filed the present lawsuit in March 2007, McCarthy, the younger male, voluntarily took another position in a different Verizon division. McCarthy left the IPP Manager position in April, 2007. Verizon thereafter discriminated against Klein, by twice passing her over and not placing her in the IPP manager position when it was vacated, but instead hand picked a woman over the age of 40 who was eight and a half years younger than Klein and very unqualified for the position. Verizon subsequently re-assigned Plaintiff from the first level account manager position to a different title, Specialist-Sales Support after planning a RIF in the ISG which only included her. This position was illusory and was almost immediately consolidated with the position of Specialist-Sales Support which was held by the incumbent, Jose Miranda, for four years. Plaintiff was RIF'd in November 2008 when Verizon terminated her employment.

## LEGAL STANDARD

The purpose of a motion *in limine* is to allow the trial court to rule on disputes over the admissibility and relevance of proffered evidence prior to trial. *United States v. Chan,* 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002). Under Rule 401 of the Federal Rules of Evidence relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is inadmissible at trial. Fed. R. Evid. 402. Furthermore, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "The district court retains broad discretion to balance the evidence's potential prejudice,.. against its probative value." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 1777 (S.D.N.Y 2008).

## ARGUMENT

### POINT I

### POST TERMINATION EVIDENCE CONCERNING ANY DOWNSIZING, RIF'S, OR JOB CONSOLIDATIONS AT VERIZON PUBLIC COMMUNICATIONS IS IRRELEVANT

Any evidence offered by Defendant concerning, downsizing, RIF's or job consolidations that occurred at VPC after 2008, are irrelevant as they occurred after Linda Klein was terminated. This post-termination evidence should be excluded as is inadmissible under Fed. R. Evid. 401 and 402.

Courts examining post termination evidence have found such evidence irrelevant to the particular employment decision at issue. *See e.g.* Memorandum Decision and Order Ruling on

3

Motions in Limine at 21-22, *Hamza v. Saks Fifth Avenue, Inc.*, No. 07-05974, Docket No. 101, (S.D.N.Y Dec. 5, 2011) (granting defendant's motion *in limine* in part and excluding testimony concerning general treatment of Muslims during the period after the plaintiff was employed as irrelevant under 401 and 402); *Bryce v. Trace, Inc.,* No. 06-775, 2008 WL 906142 (W.D. Okla. Mar. 31, 2008) (granting plaintiff's motion *in limine* and excluding evidence and references to a complaint made by Plaintiff to the U.S. Occupational Safety and Health Administration after her termination as irrelevant to plaintiff's claims of discriminatory and retaliatory termination); *Clark v. Tennessee Valley Elec. Co-op.*, No. 00-1011, 2002 WL 1397270 (W.D. Tenn. Apr. 2, 2002) (granting defendant's motion *in limine* in part and excluding evidence of post-termination discussions regarding changes to defendant's pension plan as irrelevant to the issue of plaintiff's termination). Like the post-termination evidence offered in *Hamza*, *Bryce* and *Clark*, any post-termination evidence offered by Defendant concerning RIFs or job consolidations should be excluded as irrelevant to any of the employment decisions and adverse employment actions suffered by Klein.

This case is focused on the time period when Linda Klein was employed at Verizon Public Communications. Any RIF or job consolidations that occurred after 2008 should not be considered at trial because they are not relevant to any of the employment decisions concerning Linda Klein, including the first RIF in 2005 when she was replaced by a younger male in a job consolidation and demoted, and all the subsequent employment actions culminating in Klein's termination in a RIF in 2008. Similarly, Defendant cannot use evidence of any other events that occurred after Linda Klein was terminated in support of any nondiscriminatory reasons it has fabricated to counter plaintiff's prima facie case of discrimination, because such events could not have possibly played into defendant's decisions to take adverse employment actions against her.

Furthermore, the strength of the telecommunications industry and any decreases in revenue faced by Verizon Public Communications after 2008, including the influence market conditions had on the size or organization of the VPC workforce are not relevant to the issues of this case as they could not have factored into Verizon's impermissible adverse employment actions.

Additionally, the only relevant evidence regarding the post2008 RIF of Linda Klein is whether the job duties she performed as manager of the New York business office, as an account manager and the job functions of the IPP sales and services position, were performed post 2008 through the present. Evidence concerning whether the job functions she performed are still being performed today are relevant to this case. All other post-termination evidence must be excluded as irrelevant under Rules 401 and 402.

## POINT II

### THE PROBATIVE VALUE OF POST-TERMINATION EVIDENCE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE IT POSES AND ITS LIKELIHOOD OF MISLEADING THE JURY

Pursuant to Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Post-termination evidence of RIF's or job consolidations occurring after 2008 is not probative of the issues of this case, which is whether Verizon discriminated against plaintiff on the basis of age or gender. What happened to other employees after Klein was terminated has no probative value or ability to shed light on the employment decisions and actins concerning Linda Klein. However, this post-termination evidence has a high risk of unfair prejudice to plaintiff and will likely mislead the jury by suggesting that Linda Klein was not the only employee to be RIF'd or lose her job due to a

5

consolidation, despite the fact that it does not matter how many employees Verizon removed from its payroll if Verizon took employment actions against her for impermissible reasons. This evidence will direct the jury's attention away from the key issue of the case: why Linda Klein was RIF'd, demoted, not reinstated or promoted to the position of IPP sales and services manager, reassigned to a sham position and eventually terminated. Therefore, post termination evidence must be excluded from trial as inadmissible under 403.

POINT III

TESTIMONY CONCERNING CHANGES IN THE TELECOMMUNICATIONS INDUSTRY AND ECONOMICS AND THE EFFECTS UPON VERIZON PUBLIC COMMUNICATIONS IS IRRELEVANT AND MUST BE EXCLUDED

Defendant's witness list for the Joint Pre-Trial Order included Thomas Maguire, a name that has never before appeared in this five year old case. Mr. Maguire is apparently the current head of Verizon Public Communications, who Verizon stated will testify on the subjects of changes in the telecommunications industry, the decline of public payphones, the rise of cellular phones, the decline in revenues and head-count in the VPC/ISG and "other relevant topics".[1] Just as post-November 2008 evidence has no place in this case, testimony that relates generally to the telecommunications industry as a whole, or to Verizon/VPC/ISG in particular either before or after Linda Klein's termination in the November 2008 RIF (of one person, which was Ms. Klein) likewise has no place in this case. In addition to the fact that Mr. Maguire was made the head of VPC after the close of discovery, his identity was never disclosed until he showed up for the mediation held last week, and Plaintiff had no opportunity to depose him, such

---

[1] It is not clear whether Verizon put Maguire's name on the witness list as a fact witness or as an expert witness, but aside from the many requirements of Rule 702 that have not been met, under no circumstances would his testimony help the trier of fact to understand the evidence or to determine a fact in issue. In addition, any fact or circumstance, which occurred after 2008 is not a fact in issue.

6

testimony of Mr. Maguire or any other witness who intends to testify on this subject in the present case is irrelevant to the Plaintiff's claims of discrimination. It is well settled that a reduction in force, does not, in and of itself, insulate an employer from an otherwise discriminatory tangible employment action such as a termination. *Morris v. Northrop Grumman Corp.*, 37 F. Supp.2d 556 (E.D.N.Y. 1999); *Epstein v. Kalvin-Miller International, Inc.*, 21 F.Supp. 2d 400 (S.D.N.Y. 1998); *Wyche v. Marine Midland Bank, N.A.* `1996 U.S. Dist. Lexis 3312 S.D.N.Y. 1998). While a reduction in force or a restructuring is often a legitimate reason, *Tarshis v. Riese Org.*, 211 F.3d 30, 38 (2d Cir. 2000) *abrogated on other grounds by Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), even during a legitimate reduction in force an employer may still be found to have discriminated against certain employees. *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196 (2d Cir. 1995); *Gallo v. Prudential Residential Services*, 22 F.3d 1219(2d Cir. 1994). Moreover, Linda Klein does not challenge the decision to fill the Manager-IPP Sales and Service position when it was vacated; it was the implementation of that decision that is in issue.

All testimony, as well as evidence, of the strength of the telecommunications industry, and any decreases in revenue faced by Verizon Public Communications, including the influence market conditions had on the size or organization of the VPC workforce must be excluded as irrelevant under Rules 401 and 402.

## CONCLUSION

For the foregoing reasons, Plaintiff Linda Klein respectfully requests that the Court grant her motion *in limine* to preclude Defendant from offering the foregoing evidence and testimony at trial.

7

Dated:        June 25, 2012
              New York, New York

                                        THE LAW OFFICES OF
                                        GAIL I. AUSTER & ASSOCIATES

                                        By: *[signature: Gail I. Auster]*
                                        Gail I. Auster
                                        Attorneys for Plaintiff
                                        711 Battery Place, Suite 711
                                        New York, New York 10004
                                        (914) 707-4000