UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LINDA KLEIN,                                              07 CV 2815 (GBD)(HBP)

                Plaintiff,

      -against-                                        **PLAINTIFF'S THIRD**
                                                                         **MOTION IN LIMINE**
VERIZON SERVICES CORP.,
                Defendant.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE STATEMENTS, TESTIMONY AND EVIDENCE CHARACTERIZING KLEIN'S 2005 DEMOTION AS A HIRE

### PRELIMINARY STATEMENT

Plaintiff submits this memorandum of law in support of her motion *in limine* to preclude Defendant from making any statements or introducing any evidence or testimony characterizing Linda Klein's termination from her position as manager of the New York business office and demotion to the first level account manager position as Verizon "hiring" her for the account manager position. Such a description is clear error as a matter of law, and evidence suggesting otherwise has a danger of unfair prejudice, confusion of the issues and misleading the jury that substantially outweighs the evidence's low probative value.

### BACKGROUND

Linda Klein ("Plaintiff" or "Klein") was age 59 and a 25 year veteran of Verizon, as well as the Manager of the NY Business Office when she was informed by her manager, John Christensen ("Christensen") in late July, 2005, that as result of a "job consolidation" in a corporate reorganization, that either she or a younger male, Gerard McCarthy ("McCarthy"), would lose their job in a Reduction in Force ("Reduction in Force", or "RIF") later that year. On

October 6, 2005, Christensen met with Plaintiff and informed her that the consolidated job, called the IPP Sales and Service Manager ("IPP Manager"), was given to McCarthy, the younger male. At the end of October 2005, shortly before her termination was to become effective Klein interviewed for and was offered a job as a subordinate account management position, which was a demotion. Despite the fact that she was a second level manager, and the position was a first level manager position, with a significant loss of material job responsibilities and a reduction in salary and other compensation, she had no choice but to take the position as her husband was sick and she was the sole breadwinner in the family. Klein made multiple complaints of discrimination to her Executive Director, Larry Stevens and also complained to his manager, Kitty Linder.

Shortly after Klein filed the present lawsuit in March 2007, McCarthy, the younger male, voluntarily took another position in a different Verizon division. McCarthy left the IPP Manager position in April, 2007. Verizon thereafter discriminated against Klein, by twice passing her over and not placing her in the IPP manager position when it was vacated. Verizon subsequently re-assigned Plaintiff from the first level account manager position to a different title, Specialist-Sales Support after planning a RIF in the ISG which only included her. This position was illusory and was almost immediately consolidated with the position of Specialist-Sales Support which was held by the incumbent, Jose Miranda, for four years. Plaintiff was RIF'd in November 2008 when Verizon terminated her employment.

## LEGAL STANDARD

The purpose of a motion *in limine* is to allow the trial court to rule on disputes over the admissibility and relevance of proffered evidence prior to trial. *United States v. Chan,* 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002). Under Rule 403 of the Federal Rules of Evidence relevant

evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is inadmissible at trial. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "The district court retains broad discretion to balance the evidence's potential prejudice,.. against its probative value." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 1777 (S.D.N.Y 2008).

ARGUMENT

POINT I

THE PROBATIVE VALUE OF ANY EVIDENCE,
TESTIMONY OR REFERENCES MISCHARACTERIZING KLEIN'S DEMOTION TO
THE FIRST LEVEL ACCOUNT MANAGER POSITION AS A "NEW HIRE"
FOLLOWING THE 2005 RIF IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER
OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES AND
MISLEADING THE JURY

Following the 2005 RIF and job consolidation Linda Klein was terminated from her second-level managerial position as manager of the New York Business office and placed in the subordinate position of first-level account manager. Klein's placement in the subordinate first level position fits the legal definition of a demotion and thus should accurately be referred to as a demotion and not a "hire" to a new position at trial. The low probative value of any references, testimony or evidence characterizing the demotion as a "hire" is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury that this inaccurate description will cause.

A demotion is an adverse employment action for purposes of establishing a prima facie case of discrimination under The Age Discrimination in Employment Act (ADEA) and Title VII, so long as it is "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir.2000). "Even a reassignment to a less desirable position suffices to satisfy the adverse employment action element of the *prima facie* case." *Tarshis v. Riese Org.*, 211 F.3d 30, 38 (2d Cir. 2000) *abrogated on other grounds by Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). The Second Circuit has characterized a demotion as "evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Galabya*, 202 F.3d at 640. Furthermore, when an employee is terminated from one position and placed in a position lower than the one previously held, it is properly characterized as a demotion. *Tarshis*, 211 F.3d at 38. ("Plaintiff's' rehiring in a position lower than the assistant manager job he held before is tantamount to a demotion and, as such, clearly qualifies as an adverse employment decision under the anti-discrimination statutes.")

In the present case, there is abundant evidence that Klein's change in status from a second level management position to the lesser first level position was a demotion sufficient to constitute an adverse employment action. Klein's change in status was marked by a significant loss of material job responsibilities and managerial decision-making authority. As a first level manager Klein had a less distinguished title, and although she had account managers reporting to her back in the 1990's, she now was an account manager herself without management authority and no direct reports. She was now in a lower salary band, which meant a decrease in salary from what she had previously earned with no further wage increases. Similarly, Klein suffered a

reduction in bonus, which was based on a percentage of salary, a reduction of her 401k contributions and the match paid by Verizon, which was also based on a percentage of salary. Thus, there are an overwhelming number of factors indicating that Klein's change in status meets the Second Circuit's definition of a demotion.

Evidence mischaracterizing Klein's termination and subsequent demotion to the account manager position as Verizon "hiring" Klein to fill the account manager position, is not only of low probative value, but it is flatly wrong. The discharge of an employee followed by her rehiring is an adverse employment action tantamount to a demotion. *Tarshis,* 211, F.3d at 38. The Second Circuit held that "[w]e see no reason why an employer should be allowed to accomplish an adverse reassignment or demotion with invidious intent through layoff and rehiring when that same action would be impermissible if done in the course of employment." *Leibowitz v. Cornell University,* 584 F.3d 487,500 (2d Cir. 2009)(overturning Judge George Daniel's decision dismissing Leibowitz's discrimination claims). Defendant has referred to plaintiff's demotion to the account manager position as a "hire," for at the time she assumed the job of account manager she was 59 years old. Being in the protected class when hired undermines an inference of discriminatory intent and certainly weakens it. *See Baguer v. Spanish Broad. Sys.*, Inc., No. 04-8393, 2010 WL 2813632 (S.D.N.Y. July 12, 2010) *aff'd*, 423 F. App'x 102 (2d Cir. 2011).

Characterizing the demotion as a "hire" will also confuse the issues at trial and mislead the jury. The key issues at trial are 1) Verizon RIF'd Linda Klein in 2005 giving the newly consolidated IPP Manager position to a younger and less qualified male, 2) terminated her from her position as manager of the New York office and demoted her to the account manager position; 3) twice passed her over and failed to place her in the IPP manager position when it was

vacated instead of hand picking for that position a woman eight and a half years her junior who was amazingly unqualified; 4) re-assigned Klein to a phantom position after a RIF in the ISG was planned for November 2008, left in place the remaining account manager who was in her thirties and the remaining Special-Sales Support who was 40, and RIF'd Plaintiff in November 2008 when she was 62 years old, resulting in her termination of employment.

Moreover, defendant's mischaracterization of the 2005 demotion will mislead the jury into believing that Klein suffered no adverse employment action and neutralize Verizon's decision to terminate and demote Klein by suggesting that Verizon hired her when she was over the age of 40, so there can be no discrimination. It also suggests that she willingly accepted the job, so it is of no importance that the account manager position was a "downgrade," as the Verizon HR business representative euphemistically characterized the demotion. This characterization of the first-level account manager position is patently false as the position was far inferior to the position Klein previously held as manager of the New York business office. Thus, referring to the demotion by anything other than it's proper term will cause grave harm by confusing the issues and misleading the jury. Therefore, any evidence or references characterizing the demotion as a "hire" should be excluded from trial under Fed. R. Evid. 403.

## CONCLUSION

For the foregoing reasons, Plaintiff Linda Klein respectfully requests that the Court grant her motion *in limine* to preclude Defendant from offering at trial any argument, documents or testimony referring to her 2005 termination and demotion as a "hiring."

Dated:     June 25, 2012
           New York, New York

                                                            THE LAW OFFICES OF
                                                            GAIL I. AUSTER & ASSOCIATES

                                                            By: _____
                                                            Gail I. Auster
                                                            Attorneys for Plaintiff
                                                            711 Battery Place, Suite 711
                                                            New York, New York 10004
                                                            (914) 707-4000