```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Linda Klein,                                     :
                        Plaintiff,               :
                                                 :
        -v-                                      :
                                                 :           07 Civ. 2815 (AJN)
                                                 :
                                                 :                   ORDER
                                                 :
Verizon Services Corp.,                          :
                        Defendant.               :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 2 8 2012

ALISON J. NATHAN, District Judge:

In letters to the Court dated June 18 and June 20, 2012, Plaintiff requests, pursuant to Fed. R. Civ. P. 60, reconsideration of Judge Daniels' decision to deny certification for an interlocutory appeal of his June 7, 2011 Order (Docket # 83) granting Defendant's motion for summary judgment on Plaintiff's retaliation claims. Counsel for the parties submitted a series of letters to the Court on this topic between June 18, 2012, and June 22, 2012, all of which are attached to this Order. For the reasons set forth below, Plaintiff's request is DENIED.

## I. BACKGROUND

This age and gender discrimination case was commenced on April 9, 2007. Summary judgment motions were argued on June 7, 2011, at which time Judge Daniels dismissed Plaintiff's retaliation claims and allowed her discrimination claims to proceed to trial. (Docket # 83). Plaintiff thereafter filed (1) a motion to reconsider Judge Daniels' summary judgment order (Docket # 99), and (2) a request for certification of the interlocutory order for an appeal. (Docket # 120). Judge Daniels accepted Plaintiff's untimely motion to reconsider his summary judgment decision, assessed it on its merits, and denied it along with the request for certification for an interlocutory appeal. (Docket # 128). The case was subsequently transferred to the undersigned Judge.

At a conference held before the undersigned Judge on March 30, 2012, Plaintiff's counsel was provided with the opportunity to address any issues that she wished to raise, but she did not renew her request for certification of an interlocutory appeal. Without objection, the Court set July 23, 2012—a date over five years after the commencement of this case—as a "firm" trial date.

## II. PLAINTIFF'S REQUEST IS UNTIMELY

Ordinarily, Local Rule 6.3 requires that a motion for reconsideration or reargument be made "within fourteen (14) days after the entry of the Court's determination of the original motion." Plaintiff makes her request pursuant to Fed. R. Civ. P. 60(b)(5) and 60(b)(6), which allows for relief from a judgment or order upon a motion made in "a reasonable time." In determining whether a motion is made within "a reasonable time," the Second Circuit looks "at

the particular circumstance of each case and 'balance the interest in finality with the reasons for delay.'" *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006) (quoting *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). In this case, Plaintiff provides no explanation for why her motion to reconsider was not submitted sooner. Plaintiff bases her motion for reconsideration in part on *Lore v. City of Syracuse*, 670 F.3d 127 (2d Cir. 2012), which was decided five months ago. Plaintiff does not explain why she waited until only weeks before the trial to make this motion. Plaintiff did not make this motion to reconsider within a reasonable time, and for that reason alone her request must be denied.

### III.   RULE 60(B) PROVIDES NO BASIS FOR RECONSIDERATION AT THIS TIME

Rule 60(b)(5) allows for reconsideration when "**the judgment** has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5) (emphasis added). By its own terms, Rule 60(b)(5) only applies to **judgments**. Judge Daniels' denial of Plaintiff's request for certification of an interlocutory appeal was itself an interlocutory order, *see* 28 U.S.C. § 1292(b), not a judgment. Rule 60(b)(5) therefore has no applicability.

Rule 60(b)(6) allows for reconsideration of a judgment, order, or proceeding for "any other reason that justifies relief." "It is well established . . . that a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (internal quotation marks omitted). "[A] mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6).". *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004). "A circuit court's announcement of a new rule of federal law, like a Supreme Court pronouncement, is similarly insufficient without more to justify Rule 60(b)(6) relief." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 748 n. 6 (5th Cir. 1995)). Plaintiff writes in her June 20, 2012 letter that she seeks reconsideration "on the narrow issue of the interlocutory appeal in light of the recent Second Circuit decision in *Lore v. City of Syracuse*, 670 F.3d 127 (2d Cir. 2012)." It is not clear that *Lore* even represented a *change* in decisional law. Nonetheless, even if *Lore* does constitute a change in decisional law, Plaintiff's request for relief under Rule 60(b)(6) solely on that basis is clearly insufficient and therefore must be denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's request for certification of the June 7, 2011 Order for an interlocutory appeal is DENIED.

SO ORDERED.

Dated: June 28, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge

# LAW OFFICES of
# GAIL I AUSTER
# and ASSOCIATES

**Gail I. Auster, Esq.**
Law Offices of Gail I. Auster & Associates, P.C.

17 Battery Place I Suite 711 I New York, NY 10004
212 864 3461 *office* I 914 707 4000 *cell* I 212 864 2228 *fax* I *gailauster@lawauster.com*

June 18, 2012

**VIA E-MAIL**

Hon. Alison J. Nathan
United States District Court
Southern District of New York
500 Pearl St., Room 17B
New York, NY 10007-1312
NathanNYSDChambers@nysd.uscourts.gov

    RE:    **Linda Klein v. Verizon Services Corp.**
              **07-civ-2815 (AJN)**

Dear Judge Nathan:

I represent the Plaintiff, Linda Klein, in the above-referenced matter. This case is scheduled for trial commencing on July 23, 2012. Plaintiff requests a conference with the court on the issue of an interlocutory appeal of the Plaintiff's claims of retaliation.

On or about June 7, 2011, Judge Daniels granted Defendant's motion for summary judgment dismissing Plaintiff's claim of retaliation but denied Defendants motion with regard to Plaintiff's claim of age and gender discrimination. Each side filed motions for reconsideration, which were denied. Plaintiff requested leave for an interlocutory appeal, which Judge Daniels also denied.

Since that time, the Court of Appeals issued a decision in *Lore v. City of Syracuse*, 670 F.3d 127 (2d Cir. 2012), in which the District Court dismissed the plaintiff's Title VII claim for discrimination on summary judgment but denied summary judgment on the claim for retaliation, which is the mirror image of our case. The case was tried on the retaliation claim and the jury came back with a verdict granting $250,000 to the Plaintiff. In addition, the court awarded attorneys fees in the amount of $168,000.

The plaintiff then appealed the dismissal of the discrimination claim to the Second Circuit, which made an order for a new trial conditional: if she elected to go to trial, the judgment awarding her damages, attorneys' fees and costs would be vacated. Her eventual entitlement to those monetary awards would depend on the outcome of the new trial.

Plaintiff intends to appeal the dismissal of the retaliation claim to the Second Circuit

Plaintiff has a very strong basis for appeal, as follows:

    (1)    The Court used the wrong legal standard for retaliation under Title VII, the ADEA and the NYHRL.

In a Title VII retaliation case and in an ADEA retaliation case, in order to establish "adverse action", a plaintiff must "present evidence sufficient to create a genuine triable issue as to whether the [challenged action] to which he was subjected <u>could well have dissuaded a reasonable employee in his position from complaining of unlawful discrimination</u>." (emphasis added). *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 209 (2d Cir. 2006); *Cunningham v. Department of Labor*, 326 Fed. Appx. at 621. This is the test for "adverse action" in a retaliation case.

Here, the Court found there was no retaliatory "challenged action" in the form of failure to promote or reinstate Klein to the IPP Manager position, because she had not applied for the position. However, the Second Circuit case law is clear that Plaintiff was not required to apply for a position after a different individual was "hand picked" for the position by Verizon managers. *Brown v. Coach Stores, Inc.* 163 F. 3 706 (2d Cir. 1998) (reiterated in *Petrosino v. Bell Atlantic*, 385 F.3d 210 (2d Cir. 2004). In *Brown*, the Court stated that refusal to accept applications for positions or "**hand-picked individuals for promotion to a position without considering applicants**" could excuse the specific application requirement in order to meet the test of an adverse action in a failure to promote discrimination claim.

Judge Daniels acknowledged, at oral argument, that Vicky Leonard, who was offered the IPP Manager job, turned it down and later was forced to take it, was "hand-picked" by Verizon. There had been no job posting, no resume reviews and no interviews for the vacant position. The decision to give Leonard the job, and the first offer of the IPP Manager position to Leonard were made within a few weeks of the filing of Plaintiff's Complaint commencing this litigation. Leonard was then compelled to take the position seven months later, although at that time Verizon changed the job title without changing the job responsibilities in any substantive manner. The record was abundantly clear that Plaintiff was vastly more qualified for the position than Leonard at the time that Leonard was first offered the job and at the time that she was compelled to take the job, because the position that Leonard was compelled to fill was virtually the same position that Plaintiff held as Manager of the New York Business Office which included sales. Leonard had no experience running a business office or in sales.

Verizon's witnesses admitted that Plaintiff was never even considered for the job, which itself was retaliatory because Plaintiff had filed a lawsuit in connection with a 2005 job consolidation, RIF and demotion from the job of IPP Sales and Service Manager, after she first complained internally and participated in and EEO investigation, followed by correspondence to Verizon by her legal counsel. The decision makers never even claimed that they did not know she wanted the job, which was ignored by the Court. The reasons Verizon's witnesses came up with contradicted each other and were clearly pretext. Such actions by Verizon could well have dissuaded a reasonable employee in her position from complaining of unlawful discrimination. Moreover, if, as suggested by the Court. Plaintiff was in no worse a position when she was not promoted than she was before the position became open, thus

2

plaintiff was not harmed, a failure to promote would be without a remedy in almost every case. The Court held that there was no adverse action in the retaliation claim involving the failure to promote or reinstate Plaintiff to the IPP Manager job and dismissed this claim.

As to the 2008 RIF when Plaintiff's employment was terminated, after planning a RIF and through great effort and contorted machinations, Verizon transferred Plaintiff to a phantom job, immediately consolidated the phantom position with another position and fired her in retaliation for opposing prior discrimination.

> (2) The test for retaliation under the New York City Administrative Code is more liberal than the test pursuant to Title VII, the ADEA and the NYHRL:
>
>> 7. Retaliation. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate *in any manner (emphasis added)* against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter*** **The retaliation or discrimination complained of under this subdivision need not result in an ultimate action with respect to employment…or in a materially adverse change in the terms and conditions of employment… provided, however, that the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity.**

Thus, under the NYC Administrative Code, there need not be a tangible employment action (failure to promote) or a materially adverse change in the terms and conditions of Plaintiff's employment. Bringing in Leonard, a woefully unqualified individual to perform the duties and responsibilities that Plaintiff performed before her demotion, which was not based on job performance, and leaving Plaintiff in a subordinate position in the ISG reporting to the less qualified Leonard, shortly after commencing a civil action alleging discrimination in the 2005 job consolidation, RIF and demotion would be reasonably likely to deter a person from engaging in protected activity. Failure to consider Plaintiff for this position also meets the Administrative Code retaliation test.

> (3) The Court made findings of material facts that were not in the record, such as facts related to whether Plaintiff had an opportunity to apply for the IPP Manager job although she did not know about the vacancy until the announcement of the person that would be filling the job. Such findings of material facts are for the jury, not for the Court, to determine.

In the present case, Plaintiff has very strong proof of multiple post-2005 age and/or gender discrimination irrespective of retaliation, which Defendant repeatedly attempted to mask, albeit unsuccessfully. However, as there is also very strong proof of retaliation, under any scenario, an appeal of the dismissal of the retaliation case is sure to happen because to do otherwise would be an injustice to my client, who has suffered greatly. Considering the strength of Plaintiff's appeal and the

3

Second Circuit's recent decision in *Lore v. City of Syracuse*, it is likely the discrimination claims to be tried in the trial currently scheduled will have to be retried, which is a waste of the Court's resources. It is also a waste of the resources of both the Plaintiff and the Defendant. Moreover, Ms. Klein, who is now 66, should not have to go through two trials.

In light of the above, this is to request a conference, whether in person or by phone, at the Court's earliest convenience.

Thank you for your consideration in this matter.

Regards,

Gail I. Auster

c: Scott Casher, Esq.

4


**White and Williams** LLP

Scott H. Casher
427 Bedford Road, Suite 250 | Pleasantville, NY 10570-3035
Direct 914.487.7343 | Fax 914.487.7328
cashers@whiteandwilliams.com | whiteandwilliams.com

June 19, 2012

**VIA E-MAIL**
Hon. Alison J. Nathan
United States District Court
Southern District of New York
500 Pearl St., Room 17B
New York, NY 10007-1312
NathanNYSDChambers@nysd.uscourts.gov

RE:   Linda Klein v. Verizon Services Corp.
      07-civ-2815 (AJN)

Dear Judge Nathan:

We represent Defendant Verizon Services Corp. ("Verizon") in the above-referenced action. We submit this letter, pursuant to Rule 1.A. of Your Honor's Individual Practices In Civil Cases, in response to plaintiff's June 18 letter the Court. Klein's letter, requesting a "conference" regarding an interlocutory appeal, is nothing more than a veiled attempt to make an untimely motion for reargument/reconsideration of the Court's Order dated November 9, 2011. For the reasons discussed below, plaintiff's request should be denied and Verizon should be granted permission to file a Rule 11 motion for sanctions, costs and attorneys' fees incurred in responding to her improper and frivolous application.

Nearly a year ago, on July 5, 2011, plaintiff filed a motion for reconsideration of the June 7, 2011 Order dismissing her retaliation claim (she received permission from the Court to file the motion after the deadline had passed), and the motion alternatively requested certification for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b). On November 9, 2011, this Court issued an Order denying her motion and her request for certification for interlocutory appeal, holding that Klein failed to show that the Order of dismissal of the retaliation claim involved a controlling question of law as to which there is a substantial ground for difference of opinion, and that she failed to show that an immediate appeal from the Order would materially advance the ultimate termination of the litigation.

Pursuant to Local Civil Rule 6.3, any motion for reargument or reconsideration of that November 9, 2011 Order had to be filed within 14 days, *i.e.*, on or before November 23, 2011. Klein never filed a motion for reargument or reconsideration. Instead, yesterday -- nearly seven months after the deadline to file a motion has passed, and on the eve of trial -- Klein submitted a letter to the Court attempting to improperly revisit the issue. Much of Klein's letter is nothing more than a "copy-and-paste" from the one-page interlocutory appeal argument contained in her July 5, 2011 memorandum of law. Klein's request should be summarily denied as untimely. See Anderson v. Granoff, Walker & Forienza, P.C., 2012 WL 1659186, at *1 (S.D.N.Y. 2012) (denying a motion to reconsider/reargue a motion to dismiss as untimely).

1

Hon. Alison J. Nathan
June 19, 2012
Page 2

To the extent that Klein is seeking reargument/reconsideration of the Court's November 9, 2011 Order denying her request for certification for an interlocutory appeal, her letter does not cite to or identify any Federal Rule, Local Rule or controlling law that authorizes a party to move for reargument/reconsideration nearly seven months after the issuance of an order. The reason for her failure to provide such a citation is because none exists. Not only does it appear that Klein is improperly seeking reargument/reconsideration of the Court's November 9, 2011 Order, it also appears that Klein's letter is an attempt to make a *second* motion for reconsideration, which should also be summarily rejected.

As we successfully argued to this Court nearly a year ago, there was – and still is -- no basis to certify the June 7, 2011 interlocutory Order for appeal pursuant to 28 U.S.C. § 1292(b), because the Order did not involve a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal of the Order would not materially advance the ultimate termination of the litigation. See Martens v. Smith Barney, Inc., 238 F. Supp. 2d 596, 599 (S.D.N.Y. 2002).[1] An interlocutory appeal "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals," and is justified only in "extraordinary cases" where appellate review "might avoid protracted and expensive litigation." See Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996); U.S. v. American Society of Composers, Authors and Publishers, 333 F. Supp. 2d 215, 221 (S.D.N.Y. 2004). The Second Circuit has "urge[d] the district courts to exercise great care in making a § 1292(b) certification [as] the district courts are presumed to be more familiar with a case than is the court of appeals prior to briefing and argument." See Westwood Pharms., Inc. v. Nat'l Fuel Gas Dist. Corp., 964 F.2d 85, 89 (2d Cir. 1992).

Since the June 7, 2011 Order of this Court correctly applied a settled body of controlling case law, the Court agreed with us in finding that the first and second elements of Klein's July 5, 2011 Section 1292(b) request were not satisfied, and this Court denied her request to certify the Order for interlocutory appeal. See November 9, 2011 Order; see also EEOC v. Maggies Paratransit Corp., 351 F. Supp. 2d 51, 53-54 (E.D.N.Y. 2005); Martens, 238 F. Supp. 2d at 601. Further, this Court agreed with Verizon that an immediate appeal of the issue will not materially advance the litigation, because whatever the outcome on appeal, Klein's discrimination claims remain to be tried.

When counsel were before Your Honor on March 30, 2012, Your Honor set a firm trial date of July 23, 2012, and advised counsel the date would not be changed unless there were some extraordinary circumstances. Tellingly, when Your Honor asked counsel if there were any other issues to discuss, counsel for Klein never mentioned the issue that is now the subject of her June 18 letter. In any event, Verizon has been preparing for trial since that March 30 conference, and a number of its witnesses are from outside the New York City area and have already made flight and

---

[1] Putting aside for a moment the fact that Klein's motion for reconsideration/reargument should be rejected as untimely, the decision upon which Klein relies in her letter, Lore v. City of Syracuse, 670 F.3d 127 (2d Cir. 2012), does not even involve a controlling question of law regarding retaliation claims or requests for certification for interlocutory appeals. Rather, the decision simply dealt with the dismissal and reinstatement of an ordinary discrimination claim.

2

9417144v.1

Hon. Alison J. Nathan
June 19, 2012
Page 3

hotel arrangements for the trial. To permit plaintiff to delay the trial at this late stage would be severely prejudicial to Verizon.

Finally, Verizon respectfully requests permission of the Court to file a Rule 11 Motion for Sanctions, as this application by Klein is frivolous and was made without any legal support.

Dated: June 19, 2012

Respectfully Submitted,

*[signature]*

Scott H. Casher, Esq.
White & Williams LLP
Attorneys for Defendant
427 Bedford Road, Suite 250
Pleasantville, NY 10570
cashers@whiteandwilliams.com

cc: Gail Auster, Esq. (via E-Mail)
Counsel for Plaintiff
gailauster@lawauster.com

9417144v.1

# LAW OFFICES of
# GAIL I AUSTER
# and ASSOCIATES

**Gail I. Auster, Esq.**
Law Offices of Gail I. Auster & Associates, P.C.

17 Battery Place | Suite 711 | New York, NY 10004
212 864 3461 *office* | 914 707 4000 *cell* | 212 864 2228 *fax* | gallauster@lawauster.com

June 20, 2012

**VIA E-MAIL**

Hon. Alison J. Nathan
United States District Court
Southern District of New York
500 Pearl St., Room 17B
New York, NY 10007-1312
NathanNYSDChambers@nysd.uscourts.gov

RE:  Linda Klein v. Verizon Services Corp.
     **07-civ-2815 (AJN)**

Dear Judge Nathan:

I represent the Plaintiff, Linda Klein, in the above-referenced matter. This case is scheduled for trial commencing on July 23, 2012. This letter is to reply to Defendant Verizon's letter to the Court dated June 19, 2012.

Plaintiff's letter to the Court dated June 18, 2012 was informally addressed to a Rule 60 (b)(5) and/or (6) Motion for Reconsideration, not on the merits of the retaliation claim, but on the narrow issue of the interlocutory appeal in light of the recent Second Circuit decision in *Lore v. City of Syracuse*, 670 F.3d 127 (2d Cir. 2012). It is not an untimely application, as Rule 60 (c)(1) provides for a one year statute of limitations, thus taking it out of the purview of Local Civil Rule 6.3, which provides for a 14 day window period for motions brought under the Federal Rules of Civil Procedure that do not provide a time frame. Defendant is well aware of this, for he raised this non-meritorious issue earlier in this case. Moreover, contrary to Defendant's suggestion, this is Plaintiff's first application seeking to make a Motion for Reconsideration on this issue.

Plaintiff does not make this application lightly. This case was filed in 2007 and it deserves its day in court sooner rather than later. However, contrary to Verizon's assertion, in light of the decision in *Lore*, an immediate appeal on the issue will well serve this litigation. Klein agrees with Verizon that whatever the outcome on appeal, her discrimination claims remain to be tried; however, she should not have to try her discrimination claims twice. Thus, as Verizon points out in the present case, appellate review is justified where it "might avoid protracted and expensive litigation." See, *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). That is the very point of this application.

Plaintiff has also been preparing for trial, and of course, if we were aware of the *Lore* decision on March 30, 2012 at the time of the pre-trial conference, this issue would have been raised at that time. The *Lore* decision was issued in February, 2012, which was just shortly before that conference.

While Plaintiff can sympathize that some of Verizon's witnesses have already made their flight and hotel arrangements, changing travel arrangements is a mere inconvenience; it is not prejudicial. In contrast, the burden of trying Plaintiff's discrimination claims twice is truly prejudicial. Plaintiff also cannot fathom why Verizon would want to try this case twice and also to waste the Court's limited resources, when this outcome can be circumvented.

In light of the above, this is to reiterate Plaintiff's request a conference, whether in person or by phone, at the Court's earliest convenience.

Thank you for your consideration in this matter.

Regards,

Gail I. Auster

c: Scott Casher, Esq.

2


**White and Williams** LLP

Scott H. Casher
427 Bedford Road, Suite 250 | Pleasantville, NY 10570-3035
Direct 914.487.7343 | Fax 914.487.7328
cashers@whiteandwilliams.com | whiteandwilliams.com

June 21, 2012

**VIA E-MAIL**
Hon. Alison J. Nathan
United States District Court
Southern District of New York
500 Pearl St., Room 17B
New York, NY 10007-1312
NathanNYSDChambers@nysd.uscourts.gov

    RE:    **Linda Klein v. Verizon Services Corp.**
              **07-civ-2815 (AJN)**

Dear Judge Nathan:

We represent Defendant Verizon Services Corp. ("Verizon") in the above-referenced action. We submit this letter, pursuant to Rule 1.A. of Your Honor's Individual Practices In Civil Cases, in response to plaintiff's June 19 letter the Court. Klein's original letter, submitted on June 18, requested a "conference" regarding an interlocutory appeal. Yesterday, Klein submitted a letter explaining that her June 18 letter "was informally addressed to a Rule 60(b)(5) and/or (6) **Motion for Reconsideration** ... on the narrow issue of the interlocutory appeal in light of the Second Circuit decision in Lore v. City of Syracuse, 670 F.3d 127 (2d Cir. 2012)." (emphasis added) For the reason's set forth in our last letter to Your Honor, plaintiff's request for leave to file a motion for reconsideration of the Court's November 9, 2011 decision -- **nearly seven months** after the deadline for filing such motions, as set forth in Local Rule 6.3 -- should be summarily rejected.

Even if Klein's application could be construed as something other than reconsideration, it would be untimely under Rule 60(b) in any event. Plaintiff's suggestion that her motion for reconsideration is governed by a "one year statute of limitations" is misplaced. Fed. R. Civ. P. 60(c) actually states that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Plaintiff is not seeking relief under subparagraphs (b)(1), (2) or (3). Therefore, she was required to seek relief within "a reasonable time" of the Court's Order dated November 9, 2011. Klein has not provided any reason for her seven-month delay in making this application, and her suggestion that the Second Circuit's decision in Lore somehow spurred her into action is simply not credible. As noted in our prior letter, Lore does not address interlocutory appeals, and it does not address Rule 60(b). Moreover, the decision was issued in February of this year, so why did Klein wait four months after the decision was issued to raise this issue with the Court?

1

9421038v.1

Hon. Alison J. Nathan
June 21, 2012
Page 2

Furthermore, Klein's application should be rejected as it lacks merit. Rule 60(b) lists six bases for a party to seek relief from a judgment or order. Here, Klein is seeking relief from the Court's November 9, 2011 Order denying her request for certification for interlocutory appeal based on (b)(5) and/or (b)(6). Neither of these subparagraphs apply. Rule 60(b)(5) authorizes a court to grant relief where "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable [.]" Because Klein is seeking reconsideration (or relief) from an Order, and not a judgment, subparagraph (b)(5) cannot possibly apply.

Rule 60(b)(6) authorizes a court to grant relief for "any other reason that justifies relief." Klein has not articulated any valid reason justifying relief from this Court's November 9, 2011 Order denying her request for certification. Klein's assertion that interlocutory appeal is appropriate because of the possibility that Klein may be required to retry her entire case if she is successful on appeal is misplaced. These are not "exceptional circumstances"; these are circumstances that every plaintiff who alleges multiple causes of action may be presented with if certain causes of action are dismissed by the trial court and others proceed to trial. See PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983) ("because of the potentially broad scope of [60(b)(6)], relief should only be granted where the moving party has demonstrated 'extraordinary circumstances' or 'extreme hardship'."). In PRC Harris, the Second Circuit rejected a party's attempt to circumvent the time requirement of Rule 59 by relying on Rule 60. Id. at 898. This Court should likewise reject Klein's attempt to circumvent the time limitations that apply to motions for reconsideration and reargument.

For all of the foregoing reasons, and for the reasons set forth in Verizon's June 19 letter submission, Verizon respectfully requests permission of the Court to file a Rule 11 Motion for Sanctions, as this application by Klein is frivolous and was made without any legal support.

Dated:   June 21, 2012

Respectfully Submitted,

*[signature]*

Scott H. Casher, Esq.
White & Williams LLP
Attorneys for Defendant
427 Bedford Road, Suite 250
Pleasantville, NY  10570
cashers@whiteandwilliams.com

cc:   Gail Auster, Esq. (via E-Mail)
      Counsel for Plaintiff
      gailauster@lawauster.com

2

9421038v.1